```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JAMES G. BORDAS and
LINDA M. BORDAS,

      Plaintiffs,

v.                                Civil Action No. 5:12CV126
                                                      (STAMP)
ALPS CORPORATION,
a Montana corporation
and ATTORNEY'S LIABILITY
PROTECTION SOCIETY, INC.,
a Montana stock insurance
company,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO REMAND AND**
**GRANTING DEFENDANTS' MOTION TO FILE A SURREPLY**

## I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which the defendants assert that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. The plaintiffs commenced this civil action in the Circuit Court of Ohio County, West Virginia, setting forth claims for breach of contract, breach of an implied covenant of good faith and fair dealing regarding an insurance contract, infliction of emotional distress, and private causes of action for unfair trade practices.

The plaintiffs claims arise from injuries the plaintiffs allegedly incurred as part of a separate proceeding. In February 2011, the plaintiffs instituted an arbitration proceeding against

Ernest Coffindaffer and Wells Fargo Advisors, Inc. ("Wells Fargo") before the Financial Industry Regulatory Association. Mr. Coffindaffer and Wells Fargo served counterclaims thereafter against the plaintiffs for defamation, tortious interference with business relationship, and tortious interference with prospective business relationships. The plaintiffs allege that the defendants are liable for their failure to defend the plaintiffs against the counterclaims and indemnify the plaintiffs for these counterclaims pursuant to an insurance and professional liability contract existing between the parties.

Following removal of the action to this Court, the plaintiffs filed a motion to remand to which the defendants responded, and the plaintiffs replied. Thereafter, the defendants filed a motion for leave to file a surreply to the plaintiffs' motion to remand. The plaintiffs filed a response in opposition and the defendants filed a reply in support of their motion to file a surreply. For the reasons set forth below, the defendants' motion for leave to file a surreply is granted, and the plaintiffs' motion to remand is denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of

cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 95 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III. Discussion

#### A. Motion for leave to file surreply

The local rules of this Court state that a party should not file a surreply without first obtaining the permission of the court. L.R. Civ. P. 7.02(b)(4); Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 809 n.2 (N.D. W. Va. 2006). Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 12:110 (The Rutter Group 2008). See also Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). If a court does not rely upon the new material raised in the opposing party's reply brief to reach its decision in a matter, then a surreply is superfluous and unnecessary. See e.g. EEOC v. LA Weight Loss, 509 F. Supp. 2d 527, 540 (D. Md. 2007) (denying the parties' motions to file surreplies because the court did not rely upon the new case law and evidence in making its decision); First Penn-Pacific Life Ins. Co. v. Evans, 162 F. Supp. 2d 423, 430 (D. Md. 2001) (denying plaintiff leave to file a surreply "[s]ince the Court will not be considering the additional contentions advanced"). In those circumstances, a motion for leave to file a surreply should be denied.

In the defendants' motion for leave to file a surreply, the defendants attach a transcript of the arbitration proceeding held in the underlying lawsuit that occurred after the removal of this action. The defendants argue that this new evidence supports the proposition that the amount in controversy in this matter exceeds $75,000.00 as required to obtain diversity jurisdiction. Although this is not a response to new material raised in the plaintiffs' reply brief, in its discretion, this Court grants the defendants' motion to file a surreply.

However, this Court cannot consider the transcript in making its decision on the motion to remand. "The right of a defendant to remove a case is evaluated based on the record as it stands at the time that the removal notice was filed." Meadows v. Greenbrier V.M.C., Inc., No. 5:09-cv-01127, 2010 WL 1417911, *1 (S.D. W. Va. Apr. 7, 2010) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); Wickline v. Dutch Run-Mays Draft, LLC,, 606 F. Supp. 2d 633, 637 (S.D. W. Va. 2009)). The new evidence that the defendants wish this Court to consider in determining whether the amount in controversy exceeds $75,000.00 was not in existence at the time of removal, and therefore not part of the record. Therefore, this Court cannot consider such evidence in conjunction with the motion to remand.

B.  Motion to remand

In their motion to remand, the plaintiffs contend that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs.  This Court disagrees.

The burden of establishing the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal.  Mulcahey, 29 F.3d at 151.  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  Id.  However, as mentioned above, a court is limited to examining only evidence that was available at the moment the petition for removal was filed.  Chase, 110 F.3d at 428.

After carefully reviewing the complaint and the parties' memoranda, this Court concludes that the defendants have satisfied their burden of proof that, at the time of the filing of the

complaint, the plaintiffs' damages may have exceeded $75,000.00. The plaintiffs argue that the defendants are engaging in speculation concerning the value of the plaintiffs' claims and have offered no proof as to such value. The defendants, however, state that proof does exist as to the value of the plaintiffs' claims. Specifically, and what this Court finds persuasive concerning whether the amount in controversy exceeded $75,000.00 at the time of removal, is that Mr. Coffindaffer and Wells Fargo sought $10,000,000.00 in damages from the plaintiffs on the counterclaims. As part of the damages sought in this case, the plaintiffs seek indemnification for any judgment that may be awarded against them on the arbitration counterclaim. Based on the damages sought by those counterclaims, such indemnification could be up to $10,000,000.00. Further, the plaintiffs seek other damages, including compensatory damages for the alleged bad faith of the defendants, and the recovery for sums the plaintiffs expended in the defense of the counterclaims. Based on the evidence concerning the amount in controversy prior to removal, specifically the requested damages of $10,000,000.00 in the related action, this Court denies the plaintiffs' motion for remand.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand (ECF No. 4) is DENIED and the defendants' motion to file a surreply (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     February 12, 2013

                                        <u>/s/ Frederick P. Stamp, Jr.</u>
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE