IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES G. BORDAS and
LINDA M. BORDAS,

    Plaintiffs,

v.                              Civil Action No. 5:12CV126
                                      (STAMP)

ALPS CORPORATION,
a Montana corporation and
ATTORNEY'S LIABILITY
PROTECTION SOCIETY, INC.,
a Montana stock insurance
company,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER**

## I. Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which the defendants assert that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. The plaintiffs commenced this civil action in the Circuit Court of Ohio County, West Virginia, setting forth claims for breach of contract, breach of an implied covenant of good faith and fair dealing, infliction of emotional distress, and private causes of action for unfair trade practices.

The plaintiffs' claims arise from injuries the plaintiffs allegedly incurred as part of a separate proceeding. In February 2011, the plaintiffs instituted an arbitration proceeding against Ernest Coffindaffer and Wells Fargo Advisors, Inc. ("Wells Fargo")

before the Financial Industry Regulatory Association. Mr. Coffindaffer and Wells Fargo filed counterclaims thereafter against the plaintiffs for defamation, tortious interference with business relationship, and tortious interference with prospective business relationships. The plaintiffs allege that the defendants are liable for their failure to defend the plaintiffs against the counterclaims in the arbitration proceeding and to indemnify the plaintiffs for any loses arising out of these counterclaims pursuant to an insurance and professional liability contract existing between the parties.

On November 26, 2013, the defendants filed their first motion for an extension of the scheduling order, which the plaintiffs opposed. The Court held a hearing on the motion and at the hearing found that good cause existed to extend the discovery deadlines and, thus, extend the trial date so as to allow the depositions of the plaintiffs, of Rob Tamelar, and of certain Rule 30(b) witnesses. The defendants took the deposition of plaintiff Linda Bordas on January 21, 2014. Thereafter, on January 28, 2014, only days before the close of discovery, the defendants filed notices of intent to serve subpoenas duces tecum. Such notices involved the medical records of Linda Bordas, and documents from the plaintiffs' insurer. The plaintiffs then filed a motion to quash the subpoenas. United States Magistrate Judge James E. Seibert held a hearing on the motion to quash and ultimately found that while the

2

medical and insurance records were likely to lead to the discovery of admissible evidence, the subpoena requests were not timely made. Thus, the magistrate judge granted plaintiffs' motion to quash.

On February 11, 2014, a day prior to the hearing on the motion to quash, the defendants filed a motion to amend the scheduling order. The defendants assert that during Linda Bordas's deposition the plaintiff identified for the first time that she suffered from several medical conditions and that her conditions were exacerbated during the arbitration proceedings underlying this action. Further, the defendants assert that the plaintiffs failed to disclose such information in response to defendants' discovery requests for a description of the damages sought by plaintiffs. Thus, the defendants assert that good cause now exists to extend the scheduling order so as to allow them to serve the subpoenas duces tecum.

In response, the plaintiffs assert that the defendants have been aware from the start of this litigation that the plaintiffs were seeking damages for emotional distress, along with other damages. The plaintiffs, however, assert that as to the exacerbation of her symptoms, such testimony will be used only to explain why Linda Bordas was unable to fully participate in the arbitration. Further, the plaintiffs state that, while it is Linda Bordas's belief that the exacerbation was caused by the stress of defendants' failure to provide coverage, the plaintiffs will not be

seeking damages for any medical conditions or any aggravation of pre-existing medical conditions.

The defendants filed a reply where again they stress that this delay was caused by the plaintiffs' failure to disclose the information concerning the medical conditions prior to the deposition. The defendants also argue that the modification sought is minor and will not prejudice the plaintiffs, as the subpoenas can be served and the records obtained before there is any conflict with the remaining deadlines in this matter.

The motion is now fully briefed and ripe for review. For the reasons set forth below, the defendants' motion to amend the scheduling order is denied.

## II. Discussion

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If a party fails to file the motion for an extension prior to the expiration of the deadline, the party must also show excusable neglect for his failure to act. Fed. R. Civ. P. 6(b). Under the law of the United States Court of Appeals of the Fourth Circuit, "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be . . . 'the burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the

4

necessary showing . . .'" Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1995) (quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d Cir. 1985)). A finding of excusable neglect ultimately comes down to a balance of the equities, and the decision whether or not to grant an extension "remains committed to the discretion of the district court." Id. at 532 n.2; see also United States v. Borromeo, 945 F.2d 750, 754 (4th Cir. 1991).

Initially, this Court notes that it recognizes that the parties disagree as to whether the defendants must show only good cause or good cause and excusable neglect in order to allow this Court to grant their requested extension. Such a determination as to what standard to apply in unnecessary, however, because this Court finds that the defendants have not shown the requisite good cause for the extension. Thus, this Court need not decide whether it must also find that the defendants acted with excusable neglect.

As to good cause, this Court previously granted an extension of discovery to allow the depositions of certain individuals. The defendants did not, at that time, request that discovery remain open to file any motions or request any additional discovery that may result from the depositions. In fact, at the hearing on the first motion to amend the scheduling order, the defendants, by counsel, stated that "[w]e're not asking to reopen discovery, except for the things that are already set, the depositions that

5

are already set." Further, the plaintiffs stated that they are not intending to seek damages for Linda Bordas's medical conditions or the exacerbation of her medical conditions. Thus, it is unclear at this time how records of her medical conditions will be helpful in discovery. Accordingly, this Court, through its discretion in controlling the expeditious resolution of litigation before it, declines to further delay this civil action to extend a discovery period that took place for more than a year and that has already been extended after its expiration. See Link v. Wabash R. Co., 370 U.S. 626, 630 (1962).

## III. Conclusion

For the reasons stated above, the defendants' motion to amend the scheduling order (ECF No. 82) is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE