IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JAMES G. BORDAS and
LINDA M. BORDAS,

       Plaintiffs,

v.                                     Civil Action No. 5:12CV126
                                                     (STAMP)

ALPS CORPORATION,
a Montana corporation and
ATTORNEY'S LIABILITY
PROTECTION SOCIETY, INC.,
a Montana stock insurance
company,

       Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE ISSUE OF EMOTIONAL DISTRESS,
DENYING DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES
AND DENYING DEFENDANTS' MOTION IN LIMINE**


I.  Procedural History

      The above-styled civil action is before this Court as a result

of a notice of removal filed by the defendants, ALPS Corporation

and Attorney's Liability Protection Society, Inc. (hereinafter

collectively referred to as "ALPS") in which the defendants assert

that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332.

The plaintiffs, James G. Bordas and Linda M. Bordas, commenced this

civil action in the Circuit Court of Ohio County, West Virginia,

setting forth claims for breach of contract, breach of an implied

covenant of good faith and fair dealing, infliction of emotional

distress, and private causes of action for unfair trade practices.

As relief, the plaintiffs seek compensatory, general, and punitive damages, including attorneys' fees, expenses, and costs.

ALPS has now filed two separate summary judgment motions and a motion in limine. The first is a renewed motion for summary judgment, which this Court previously denied without prejudice to refiling upon the completion of discovery due to this Court granting ALPS's motion for a continuance. In this motion, ALPS asserts that it is entitled to summary judgment concerning the plaintiffs' claim for punitive damages. ALPS asserts that the plaintiffs have failed to prove the requisite actual malice in ALPS's handling of the plaintiffs' insurance claim and, thus, are not entitled to punitive damages under West Virginia law.

The plaintiffs responded to ALPS's motion for partial summary judgment asserting that ALPS's representation that intentional injury is an element of a punitive damages claim is incorrect. Further, the plaintiffs assert that is for this Court to determine whether ALPS's conduct satisfies the actual malice standard.

ALPS's second motion for summary judgment requests that this Court find that the plaintiffs are not entitled to damages for emotional distress related to the defense of their counterclaim. In support of this motion, ALPS asserts that the plaintiffs were represented by skilled attorneys at all times in the underlying action and were in the same position that they would have been in if ALPS had retained the attorneys for them. Thus, ALPS asserts

that any emotional distress that plaintiffs are claiming could not be due to their representation in the underlying suit.

The plaintiffs responded, arguing that the defendants constructed their entire argument based on a mistaken view of the facts. The plaintiffs assert that not only was the failure to provide a defense a source of distress for the plaintiffs, but the lingering coverage issue and ALPS's abandonment caused stress as well. ALPS filed timely replies in support of both of their partial motions for summary judgment.

ALPS's motion in limine requests that this Court exclude any and all evidence, commentary, and argument concerning directly or indirectly Linda Bordas' medical conditions. The plaintiffs responded by stating that they do not intend to attempt to hold ALPS liable for Linda Bordas' medical condition or any exacerbation thereof, but such evidence is circumstantial evidence showing that she was experiencing stress at the time of the arbitration. Thus, plaintiffs request that this Court deny ALPS's motion in limine.

For the reasons stated below, this Court denies ALPS's motion for partial summary judgment on the issue of emotional distress, denies ALPS's motion for partial summary judgment regarding punitive damages, and denies ALPS's motion in limine.

## II. <u>Facts</u>

The plaintiffs' claims arise from injuries the plaintiffs allegedly incurred as part of a separate proceeding. In February

2011, the plaintiffs instituted an arbitration proceeding against Ernest Coffindaffer ("Coffindaffer") and Wells Fargo Advisors, Inc. ("Wells Fargo") before the Financial Industry Regulatory Association ("FINRA"). In May 2011, Coffindaffer and Wells Fargo asserted counterclaims in the arbitration proceeding against the plaintiffs for defamation, tortious interference with business relationship, and tortious interference with prospective business relationships. As relief, Coffindaffer and Wells Fargo sought $10 million in damages.

The plaintiffs allege that they notified ALPS, which was the plaintiffs' professional liability insurer, of the counterclaims against them via letter on May 13, 2011, August 25, 2011, and December 19, 2011. Glen Lea ("Lea"), the claims attorney employed by ALPS who was responsible for the administration of the plaintiffs' claim, admitted to ignoring the plaintiffs' claim and not taking the steps that needed to be taken during this time due to the complexity of the claim. ECF No. 90 Ex. 1 *28. In February 2012, Lea contacted James Bordas regarding representation and informed him that ALPS would be providing representation concerning the counterclaims. James Bordas requested that ALPS retain Thomas V. Flaherty ("Flaherty") and Lea agreed to contact Flaherty.

Flaherty, ultimately could not be retained by ALPS and the plaintiffs assert that no further action was taken regarding their claim until August 2012, after this lawsuit was filed. At that

time, Rob Tameler, a representative of ALPS, contacted the plaintiffs' law firm and indicated that Flaherty was not available and provided a list of possible alternatives. The plaintiffs, however, chose to keep their current representation, Geoffrey C. Brown, an attorney with the plaintiffs' law firm, and ALPS agreed to reimburse the plaintiffs for such representation. During the arbitration proceedings, the plaintiffs were also represented by George Stewart ("Stewart"). Chartis Property and Casualty Company, the plaintiffs' homeowners' insurance and excess liability carrier, retained Stewart on the plaintiffs' behalf in January 2012. The arbitration proceedings ended on September 25, 2012. As to the counterclaims, the arbitration panel found James Bordas liable to Coffindaffer for defamation in the amount of $1,000.00.

### III. <u>Applicable Law</u>

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County</u>

Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing <u>Anderson v.</u> <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## IV.  <u>Discussion</u>

### A.  <u>Motion for Summary Judgment as to Punitive Damages</u>

ALPS argues that this Court should grant summary judgment in its favor as to plaintiffs' claim for punitive damages. In support of this contention, ALPS argues that the plaintiffs have failed to prove actual malice as the actions of Lea, the claims attorney overseeing the plaintiffs' claims, may have been negligent and incompetent but his actions did no produce any intentional injury nor did he harbor any animosity toward the plaintiffs. Further, ALPS asserts that there was no pattern or practice on the part of ALPS to prevent defending and indemnifying valid claims. In response, the plaintiffs contend that they have met their initial

burden of proof on the issue of punitive damages. The plaintiffs assert that intentional injury is not an element of a punitive damages claim under West Virginia law and it is not necessary for Lea to have harbored any animosity towards the plaintiffs.

Pursuant to West Virginia case law, "where an insured asserts a first-party claim against his or her insurance carrier for unfair claim settlement practices under [the Unfair Trade Practices Act], punitive damages shall not be awarded against the insurer unless the policyholder can establish a high threshold of actual malice in the settlement process." McCormick v. Allstate Ins. Co., 505 S.E.2d 454, 459 (W. Va. 1998). In order to establish 'actual malice,' a plaintiff must produce evidence showing that "the insurance company actually knew that the policyholder's claim was proper, but willfully, maliciously and intentionally utilized an unfair business practice in settling, or failing to settle, the insured's claim." Id.

The West Virginia Supreme Court based the actual malice standard applied in McCormick on the actual malice standard it articulated in Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73 (W. Va. 1996). In Hayseeds, the court stated that the actual malice standard is "highly susceptible to summary judgment for the defendant" and "[u]nless the policyholder is able to introduce evidence of intentional injury--not negligence, lack of judgment, incompetence, or bureaucratic confusion--the issue of punitive

damages should not be submitted to the jury." 352 S.E.2d at 331. Thus, the plaintiffs' assertion that a showing of intentional injury is not necessary to establish a claim for punitive damages is incorrect. There is no evidence in McCormick that the court meant to deviate from the actual malice standard articulated in Hayseeds. In fact, the court in McCormick actually stated that after a review of the law in other jurisdictions concerning claims under unfair trade practices acts, it found "no authority for a departure from the 'actual malice' standard established in Hayseeds."

Notwithstanding the plaintiffs' incorrect assertion concerning the applicable law, this Court finds that the plaintiffs stated facts sufficient to create a triable issue as to punitive damages. The plaintiffs notified ALPS on three separate occasions concerning the counterclaims that had been filed by Mr. Coffindaffer starting in May 2011. Lea, the claims representative for ALPS, admitted during his deposition to intentionally ignoring the plaintiffs' claim and not taking the steps that needed to be taken due to the complexity of such claim. ECF No. 90 Ex. 1 *28. Further, Lea admits that he failed to meet reasonable good faith standards for claim handling concerning the plaintiffs' claim. ECF No. 90 Ex. 1 *26. While Lea did contact James Bordas in February 2012, stating that ALPS would provide representation, such representation was not provided, and there does not seem to be any further communication

with the plaintiffs from Lea.  It was not until August 2012 that contact resumed between the parties.  At that time, Tameler contacted the plaintiffs on behalf of ALPS, informed them that their requested attorney was not available, and provided them a list of other possible alternatives.  The arbitration proceedings concluded in September 2012.  Based on this time line of events and the evidence set out above, this Court finds that there is a genuine issue of fact concerning whether the defendants acted with actual malice.  This Court will conduct a non-jury trial in this case beginning May 28, 2014, and will have a better opportunity to rule on the issue after hearing the testimony provided by the parties' witnesses.  Accordingly, ALPS's motion for summary judgment concerning plaintiffs' punitive damages must be denied.

B.    Motion for Summary Judgment on the Issue of Emotional Distress

       In its motion for summary judgment on the issue of emotional distress, ALPS argues that the plaintiffs were at all times represented by skilled attorneys and were in the same situation that they would have been in if ALPS had retained the attorneys for them.  ALPS asserts that any distress that the plaintiffs suffered resulted from arbitrating the FINRA claim and facing a defamation counterclaim, and it was not due to ALPS failing to provide counsel.  In response, the plaintiffs assert that there is more to their claim for damages due to emotional distress than ALPS's failure to provide counsel.  The plaintiffs assert that emotional

distress also resulted from ALPS's delay in addressing the coverage issue and the feeling of abandonment from ALPS.

This Court finds that there is a genuine issue of material fact concerning plaintiffs' damages for emotional distress related to ALPS's handling of their claim. The defendants in the underlying arbitration proceeding filed their counterclaims against the plaintiffs initially seeking $10 million in damages in May 2011. ALPS did not advise the plaintiffs that it would provide counsel to them until February 2012, but even then, counsel was not provided and further communications with the plaintiffs does not seem to have occurred until August 2012. In August 2012, ALPS did agree to pay for the attorneys' fees that the plaintiffs had incurred in defending the counterclaim. ALPS, however, only made such agreement subject to reserving their right to assert all defenses to coverage, to deny any duty to defend, and to deny any duty to indemnify any settlement or judgment, among other reservations. This evidence is sufficient to create a triable issue of fact at the non-jury trial concerning whether the plaintiffs did in fact suffer emotional distress as a result of ALPS's actions or inaction.

C.   Motion in Limine

In the motion in limine, ALPS seeks to exclude all evidence, commentary, and argument concerning directly or indirectly Linda Bordas' medical conditions. ALPS argues that the plaintiffs have

made multiple representations to this Court that they do not seek to offer evidence and argument concerning her medical condition to show the severity of her emotional distress, but now the plaintiffs will not represent that they will abide by these statements. Accordingly, ALPS requests that this Court prevent the plaintiffs from offering evidence of Linda Bordas' medical condition at the trial.

The plaintiffs responded stating that they do not intend to attempt to hold ALPS liable for Linda Bordas' medical condition or any exacerbation thereof. The plaintiffs state that evidence that Linda Bordas was experiencing a flare up of the condition during the arbitration proceeding is circumstantial evidence that she was experiencing stress at that time and is, thus, permissible evidence for trial.

This Court finds that it is necessary to deny ALPS's motion in limine at this time. The plaintiffs state that they are not intending to attempt to hold ALPS liable for Linda Bordas' medical conditions or any exacerbation thereof. As such, this Court finds it would be beneficial to determine at the non-jury trial whether any evidence concerning Linda Bordas' conditions will be relevant to plaintiffs' claim for damages for emotional distress or whether such evidence is appropriate in light of the plaintiffs' prior representations in their responses to discovery and in light of their prior representations to this Court. Accordingly, ALPS's

motion in limine is denied at this time, subject to further consideration at the non-jury trial.

## V. Conclusion

For the reasons stated above, ALPS's motion for partial summary judgment regarding punitive damages (ECF No. 90) is DENIED and ALPS's motion for partial summary judgment on the issue of emotional distress (ECF No. 92) is DENIED. Further, ALPS's motion in limine (ECF No. 107) is also DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 15, 2014


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE